**Western Cold Storage Company, Defendant in Error, v. Charles Keeshin and Sam Somerman, trading as Somerman & Company, Plaintiffs in Error.**

**Gen. No. 33,237.**

166

Opinion filed March 11, 1929.

Rehearing denied March 25, 1929.

BENJAMIN E. COHEN and SAMUEL BERKE, for plaintiff in error Charles Keeshin.

EDWARD H. STEARNS and ROBERT V. JONES, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this writ of error Charles Keeshin, one of the defendants, brings in review the proceeding in the municipal court which resulted in a judgment against him in the sum of $26,357.76 entered by confession under a power of attorney in a judgment note. Defendant subsequently filed his motion to vacate the same, which was denied.

April 18, 1928, plaintiff filed its statement of claim declaring upon five judgment notes purporting to be signed by Somerman & Company, by Sam Somerman. The name of the defendant Keeshin does not appear on the notes. On the same day, under the power of attorney in the notes, judgment was entered against both defendants in the sum of $26,214.46. May 5, Keeshin filed his motion supported by affidavits to vacate the judgment and for leave to appear and defend. May 24, defendant's motion was sustained, the judgment was set aside and vacated, and leave was given to plaintiff to file an amended statement of claim and *cognovit*

within five days. May 28, plaintiff filed an amended statement of claim and on June 7 judgment by confession was entered against defendants for $26,357.76. September 7, Keeshin filed his motion supported by affidavit to vacate this judgment, which was denied.

Respective counsel have presented in their briefs a number of questions touching the proper practice in cases involving a judgment entered by virtue of a power of attorney to confess judgment, but in the view we take of the case it is not necessary to pass upon these points.

It is quite evident that, when the court by its order of May 24 sustained defendant Keeshin's motion to vacate the judgment and to permit him to make a defense to the suit, and plaintiff was given leave to file an amended statement of claim, the cause then stood as the ordinary case which is proceeding to a trial. Under the proper practice, after plaintiff filed his amended statement of claim, defendant should have been ruled to plead or answer to the same within a day certain, or an order should have been entered that his petition to vacate the judgment should stand as his answer to the amended statement of claim and the cause should then have been set down for trial. After a judgment by confession has been vacated and a defendant permitted to defend in the action, it is obviously irregular to proceed against him under the power to confess judgment. The second judgment against him was improperly entered and the motion to vacate the same should have been allowed.

The judgment will therefore be reversed and the cause remanded with directions to proceed with a trial in accordance with what we have said in this opinion.

*Reversed and remanded with directions.*

O'Connor, P. J., and Matchett, J., concur.