**Evergreen Savings and Loan Association, Plaintiff-Appellee, v. Barbara A. Hirschman, a/k/a Barbara A. Frey, Individually, and Barbara A. Hirschman, as Trustee, and Edward Frey, Defendants-Appellants.**

Gen. No. 52,778.

First District.

May 16, 1969.

Bedrava & Mulack, of Chicago (Donald G. Mulack, of counsel), for appellants.

Walter F. Kerrigan, of Chicago, for appellee.

STOUDER, P. J.

On May 16, 1967, Evergreen Savings and Loan Association, Plaintiff-Appellee, commenced this mortgage foreclosure action in the Circuit Court of Cook County. Several parties were named as defendants but only the Defendants-Appellants, Edward Frey and his wife Barbara Frey, the latter also being known as Isabelle Barbara Hirschman, claimed any interest in the premises. Defendants Freys filed an answer and counterclaim, the gist of the counterclaim being that the plaintiff and the co-defendants had conspired to defraud the Freys. Plaintiff moved to strike the counterclaim and after additional pleadings respecting the counterclaim the motion to strike was denied on September 18, 1967, and the plaintiff was directed to answer the counterclaim within 10 days. At the same time, hearing on the matter was set for October 2, 1967. After hearing on October 2, decree of foreclosure

and sale was entered from which decree defendants have appealed.

In 1962, Gudinas sold the premises in question to Demetriou. The Freys were the brokers in the sale and worked out the details. Demetriou financed the purchase by mortgage to Evergreen also second purchase money mortgage to Gudinas. In 1964, Demetriou conveyed the premises to the Freys by warranty deed reciting that it was subject to a first mortgage held by Evergreen and a second mortgage held by Gudinas. It appears that a default in payments was made in January, 1966, and as a consequence Evergreen allegedly unaware of the deed to the Freys, received a quitclaim deed from Demetriou in return for a hold harmless agreement in his favor. Forcible entry and detainer action instituted by Evergreen was successfully opposed by the Freys. In 1966, the Freys commenced an equitable action in the Circuit Court of Cook County against the same parties specified as defendants in the counterclaim filed in the instant case. Such proceeding, although described by defendants as a separate and distinct case, was likewise based on conspiracy and sought equitable relief and damages against the same parties arising from the same transaction. The record of the case filed in 1966, (Hirschman v. Evergreen, # 66 CH 3313) is not before us but the case is mentioned in the record and as we shall see has some bearing on the action of the trial judge.

When the case was called for hearing on the morning of October 2, 1967, defendants' attorney orally requested a continuance asserting that additional time was needed to prepare his case. It was pointed out that the plaintiff's answer to the counterclaim had only been filed on September 28 or only three days, which included a weekend, prior to the hearing. The trial judge denied the motion for a continuance and such ruling is assigned as reversible error.

■■ There is no doubt that the manner of granting or denying continuances is within the discretion of the trial judge and his exercise of discretion will not be disturbed unless arbitrary, capricious or prejudicial. Krupinski v. Denison, 9 Ill App2d 155, 132 NE2d 451, and Coleman v. Toohey, 48 Ill App2d 75, 198 NE2d 580.

■ On first impression it would appear that defendants had three days in which to prepare for hearing after issues were joined. An examination of the record however reveals quite a different picture. Both the 1966 conspiracy case (Hirschman v. Evergreen, # 66 CH 3313) and the instant foreclosure action filed in 1967 (including conspiracy counterclaim) were assigned to the same trial judge. After defense counsel had urged that the three days were insufficient for trial preparation the judge in examining the files stated, "this is a 1965 case, isn't it?", he then noted that it was a 1966 case. It would appear at this point that the judge was referring to the earlier 1966 conspiracy case and that these cases were being considered together. Thereafter defense counsel reminded the trial court that a motion to consolidate ". . . the two actions that are before your Honor now, this morning" had been pending for nearly three months and no ruling had been made. The judge ordered consolidation although no written order was prepared and entered at the time. From the record in the instant case it does not appear that the motion for consolidation was filed in this case but apparently was filed in the prior conspiracy case. At any rate, it appears that the hearing on October 2, 1967, pertained not only to the instant case but to the prior conspiracy case. There is no indication in the record when issues were joined in the prior conspiracy case but it may be inferred in the absence of any contrary assertion in the record not only that the prior case had been at issue for some time but that preparations for trial of the prior case were equally applicable to the same issues

in the second case. Defendants insist that the issues in the two cases are separate and distinct but it does not appear from the record or from their arguments that different evidence or legal theories were involved. Thus, where cases are consolidated because of their common issues it cannot be said that preparation time is inadequate when only one case is considered and the other ignored.

Furthermore, in view of what transpired at the hearing, we do not see how any prejudice resulted to defendants because of the refusal of the court to grant the delay. A lengthy discussion took place between court and counsel concerning foreclosure of the mortgage, settlement, amounts due, conduct of receiver and amounts to be credited on the mortgage obligation. A final figure concerning the balance due on the mortgage was agreed upon by the parties although defendant insisted that the amount was not due because they were entitled to damages resulting from the conspiracy. It appears that the defendants desired to have the damages assessed by a jury and to that end the court proposed that the matter of damages incident to the conspiracy, be heard by a common-law jury and for that purpose the case be assigned to the common-law division. The court then proceeded to vacate its order of consolidation and orally assigned the prior conspiracy case to the law division. Thus the practical result of the hearing was that the conspiracy issue was not determined by the trial court and consequently it cannot be said that defendants were prejudiced by failure to grant a delay with respect to an issue which in fact has not as yet been heard.

██ Lastly, defendants argue that the court committed reversible error in denying their petition for a change of venue based on the alleged prejudice of the trial judge. This petition was presented to and denied by the trial court on September 29, 1967. The petition asserted that circumstances relating to the alleged prej-

udice of the judge had first come to their attention on September 25, 1967. Chapter 146, § 1, Ill Rev Stats 1967, provides for change of venue based on prejudice of the judge. If a verified petition in accord with the provisions of such statute is timely filed, the court is required to grant the change of venue. Talbott v. Stanton, 327 Ill App 491, 64 NE2d 388. For such a petition to be timely filed it must be presented to the court before the court has ruled on substantive issues in the case. Russell v. Russell, 333 Ill App 68, 77 NE2d 328, and Sticker v. McCarthy, 64 Ill App2d 1, 212 NE2d 723. The basis for this rule is that a party ought not to be permitted to probe or ascertain the attitude or view of the trial judge on the merits of the case and then, if not in accord with the party's expectation, seek to have the issues determined by another judge. Russell v. Russell, supra, and People v. Chambers, 9 Ill2d 83, 136 NE2d 812.

██ In the instant case the trial court had ruled on plaintiff's motion to dismiss the counterclaim. The denial of such motion was a decision on a substantive issue in the case. Booth v. Metropolitan Sanitary Dist. of Greater Chicago, 79 Ill App2d 310, 224 NE2d 591, and Swanson v. Randall, 30 Ill2d 194, 195 NE2d 656.

██ Defendants argue that their petition for change of venue was timely filed because the prior ruling of the judge even though on a substantive issue, was in their favor. We find no requirement in any of the cases called to our attention that the timeliness of the filing of a petition for change of venue depends on whether prior rulings are favorable or adverse to the party seeking the change nor do reason and logic suggest any such distinction. The predisposition or inclination of the judge may be equally discernible whether the ruling be adverse or favorable. In City of Chicago v. Hamlin, 24 Ill2d 148, 180 NE2d 473, it appears that there was a preliminary contested issue as to the proper valuation date in a condemnation proceeding. The determination of the date

even though favorable to defendant, was held to be the determination of a substantive issue thereby rendering a subsequently filed petition for change of venue untimely filed.

Accordingly we believe the trial court properly denied the petition for change of venue because it was not filed in apt time.

For the foregoing reasons the decree of the Circuit Court of Cook County is affirmed.

Decree affirmed.

ALLOY and RYAN, JJ., concur.