ALICE M. JOHNSON, as Admr. of the Estate of Clarence Johnson, Deceased, Plaintiff-Appellant, v. ELLEN SABBEN, Defendant-Appellee.

(No. 71-112;

Third District—May 9, 1972.

Watts Johnson, of Princeton, (Daniel K. Russell, of counsel,) for appellant.

George Hupp, of Ottawa, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The action, from which this appeal arises, was instituted by Alice M. Johnson, as Administrator of the Estate of Clarence Johnson, deceased, for damages occasioned by reason of the alleged wrongful death of decedent. The death of plaintiff's intestate occurred on November 16, 1965, when he was struck while walking on a public highway in La Salle County. It was contended that the negligence of defendant in driving her automobile was the cause of Clarence Johnson's death. The complaint was filed in La Salle County although both plaintiff and defendant live in Bureau County. No jury was demanded by plaintiff at the time of the filing of the suit on May 23, 1967, nor was a jury demanded by defendant at the time the answer was filed on June 23, 1967. On July 18, 1968, one of the attorneys for the plaintiff wrote to the secretary of the chief judge of the Circuit Court of La Salle County inquiring why the case had not been placed on the master jury list. Apparently the attorney became aware, thereafter, that no jury trial had been demanded.

On February 14, 1969, approximately 21 months after the suit was started an order was entered in the Circuit Court of La Salle County which recited "by agreement, hearing on merits set for April 21, 1969". On April 21, 1969, plaintiff filed a motion for leave to file a late jury de-

mand. Plaintiff alleged that neither party had asked for a jury, and that plaintiff had, at this stage, decided to have her case tried by a jury. The trial judge entered an order on April 24, 1969, denying the plaintiff's motion and finding that "an allowance of this motion at this time would be prejudicial to the orderly administration of justice in this judicial circuit".

After the case had been continued because of the unavailability of a witness, on October 16, 1969, plaintiff again filed a motion for leave to file a late jury demand, and stated at such time that the attorney had represented to the court previously that he had intentionally not asked for a jury demand, but upon subsequent review of the file he found that he was in error in so stating to the court, and that he had been specifically instructed by his client to demand a jury trial prior to the filing of the complaint. He stated that it was not until after he had sent his letter to the secretary of the chief judge of the Circuit that there was any indication that he had neglected to file a jury demand with his complaint. It was only prior to his second motion for leave to file a jury demand that (the attorney stated) he reviewed his file and became aware of the fact that the initial failure to demand a jury resulted from his own inadvertent mistake. The trial judge, after hearing such motion, again denied plaintiff's request for a jury. The case was then set for trial on the merits before a judge without a jury. Following such trial before the judge, after the court had reserved ruling on a motion for judgment by defendant, the trial judge wrote to the attorneys of record informing them that he had been "unable to find negligence on part of the defendant". A judgment order was entered by the court, on February 23, 1971, finding for defendant on the merits in the case.

Plaintiff appeals to this Court solely on the ground that the trial court's denial of plaintiff's motions for leave to file a late jury demand was an improper abuse of discretion and constituted reversible error by reason thereof. No error is alleged as to the action by the judge in finding for defendant on the trial of this cause. Defendant, in response to plaintiff's argument, asserts that the denial of plaintiff's motions for leave to file a late jury demand was a proper exercise of discretion by the court, and, secondly, that even if the case had been tried before a jury, under the evidence presented, the court would necessarily have granted defendant a directed verdict on the ground that there was no evidence of negligence on part of the defendant. In view of our determination of this cause, it is not necessary that we consider the second point made by defendant with respect to the evidence as presented in the trial which resulted in a finding for defendant.

Under the statutes of this State (Ill. Rev. Stat. 1971, ch. 110, sec. 64(1))

a plaintiff who desires a trial by jury is required to file a demand therefor with the Clerk at the time the action is commenced. A defendant who desires a trial by jury must file a demand therefor not later than the time of the filing of his answer. Otherwise, it is provided, the party waives a jury. This section has been construed in the courts of this State. The provision requiring the filing of a demand for a jury trial has been held to be reasonable and constitutional under the laws of this State. (*Stephens v. Kasten*, 383 Ill. 127; *Roszell v. Gniadek*, 348 Ill.App. 341.) It is emphasized in *Stephens v. Kasten* case, *supra*, that the need for a systematic order of procedure requires that there be a regulation of the time when a demand for a jury trial may be made.

Under Section 59 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, sec. 59) it is provided that on good cause shown "in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment". In Supreme Court Rule 183 (Ill. Rev. Stat. 1971, ch. 110A, sec. 183) it is provided, likewise, that for good cause shown, the court may extend the time for the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time.

■■■ The courts have recognized, as do we, that the right to a jury trial is a substantial right and should not be foreclosed if there is a sound reason to extend the time for demanding a jury trial. In conjunction with waiver of strict compliance with the statute, the question of allowance or disallowance of leave to file a late demand for a jury trial is expressly made subject to the sound discretion of the trial court (*Trapani v. Trapani*, 109 Ill.App.2d 202, at p. 207; Ill. Rev. Stat. 1971, ch. 110, sec. 59). The cases indicate that, normally, a person seeking to file a late demand for a jury is required to show good cause why the leave should be granted (*Trapani v. Trapani, supra; Hudson v. Leverenz*, 10 Ill.2d 87). In *Hudson v. Leverenz, supra*, the court also observed that misapprehension of facts, mistake and inadvertence would not alone, ordinarily, constitute a good cause for such late jury demand.

■■ In reviewing the propriety and validity of the action of the trial court in denying the request for a jury trial pursuant to motions filed by plaintiff, the test is not whether we, sitting as trial judges, would have allowed the motions, but whether the action of the trial court in denying the motions was a reasonable exercise of the sound discretion vested in the trial court. On the basis of the record before us we do not believe that we would be justified in finding that the trial court improperly exercised its discretion in denying the motions.

■■■ As we had indicated heretofore, it was nearly 23 months after the action had been instituted before plaintiff indicated that she desired

that the cause be tried by a jury. At the hearing on the motion, on April 24, 1969, the attorney for plaintiff stated that he had intentionally not asked for a jury trial but that he felt that a jury demand should be made at the time of the filing of the motion. As indicated in *Trapani v. Trapani, supra,* at page 207 of the opinion, a mere change in attitude toward the question of demanding a trial by jury is not normally recognized as a good cause for waiving the time limit.

■■ We recognize, also, that the attorney for plaintiff in this cause, following a further review of his file, indicated that he had intended to follow his client's direction and ask for a jury trial, but that the omission resulted from inadvertence and mistake. We have observed that in *Hudson v. Leverenz, supra,* at page 94, the court stated that the circumstance that there was a misapprehension of facts or a mistake or inadvertence would not, in and of itself, require the allowance of the filing of a late demand for a jury. Had the trial court granted the request, this Court, as observed in *Roszell v. Gniadek,* 348 Ill.App. 341, 346, would have agreed that it would not overrule the exercise of discretion of the trial judge in granting additional time within which to file a jury demand. While we might have ruled otherwise as trial judges, we do not believe that, as a reviewing Court, we would be justified in decreeing that the trial court improperly exercised its discretion in denying the late request for a jury trial.

We are also cognizant of the fact that the lawsuit was filed in La Salle County presumably for the reason that juries had been more generous with verdicts in La Salle County than in Bureau County, the home county of both plaintiff and defendant. We have also assumed in the determination of this opinion, that plaintiff at all times intended to have the case tried by a jury in La Salle County. On the basis of the record, the statutes and cases in this State, however, we do not believe we would be justified in reversing this cause on the ground that there was an abuse of discretion by the trial court in denying the request for allowance of the late jury demand.

For the reasons stated, the judgment of the Circuit Court of La Salle County will be affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.