GEORGE I. WENBAN, JR., *et al.*, Plaintiffs-Appellees, *v.* JERRY R. WEINER, Defendant-Appellant.

(No. 72-376; ▮)

Second District—November 25, 1974.

BARR, J., dissenting.

Jerry R. Weiner, of Beverly Hills, California, and Warren Lupel, of Chicago, for appellant.

Semmelman and Fouts, of Lake Forest, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Lake County, Illinois, in favor of the plaintiffs, George L. Wenban, Jr., and Evelyn N. Wenban, and against the defendant, Jerry R. Weiner, in the total amount of $12,670 and costs of suit. The issues are whether the trial court erred in denying the defendant a jury trial and whether it abused its discretion in refusing him a continuance.

The plaintiffs originally obtained a judgment by confession against the defendant on July 6, 1970, for unpaid rent under a written lease. On August 11, 1971, the defendant filed a verified petition in which he asked the court to vacate that judgment and grant him leave to file the verified answer attached. The petition was accompanied by affidavits and a proposed answer but not a jury demand. On August 30, 1971, the trial court entered an order which vacated the judgment by confession and provided that the plaintiffs might file an amended complaint within 21 days and the defendant should answer within 21 days of receipt of the amended complaint. Thereafter, on September 17, 1971, the plaintiffs filed an amended complaint; on October 18, 1971, the defendant filed an answer to the amended complaint, including an affirmative defense, and also a jury demand; and on January 11, 1972, the plaintiffs filed a reply to the affirmative defense and the case was at issue.

Subsequently, on July 21, 1972, the plaintiffs presented a motion for an early trial, the defendant made an oral motion for trial by jury, and the court denied the defendant's motion and set the case for trial on August 23, 1972, on the non-jury call. On August 10, the defendant's attorneys requested and were granted leave to withdraw from the case. On August 23 those attorneys filed a motion for leave to appear again for the defendant, and for a continuance of the trial because of the defendant's having an inner-ear disturbance and being unable to travel for a period of 6 to 8 weeks according to the doctor whose letter was presented with the motion. The court granted leave to appear but denied a continuance, the case proceeded to trial, in the absence of the defendant, before the court without a jury, one of the plaintiffs testified, judgment was rendered for the plaintiffs, and this appeal by the defendant followed.

■■ The record indicates that the judgment by confession was vacated by the trial court's order of August 30, 1971, pursuant to authority given by section 72 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 72), rather than being opened up (see 46 Am. Jur. 2d *Judgments* § 680 (1969) ) under Supreme Court Rule 276. (Ill. Rev. Stat. 1973, ch. 110A, § 276.) The parties appear to agree that section 64 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, § 64) tells when a jury demand was due in this case, rather than Rule 276. Section 64 states: "A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer." We believe it was not the defendant's proposed answer filed with his motion on August 11, 1971, but his answer to amended complaint filed October 18, 1971, after the filing of the plaintiffs' amended complaint pursuant to order of court (see *Western Cold Storage Co. v. Keeshin,* 252 Ill.App. 165, 167), which should be considered the answer contemplated by section 64 and which therefore had to be accompanied or preceded by a jury demand if a jury was not to be deemed waived under section 64. A demand for a jury having been filed with the answer to the amended complaint, we think the jury demand was timely.

■■ If the jury demand in this case had not been filed within the time required by statute, the proper procedure would have been for the plaintiffs to file a motion to strike the demand. (*Stephens v. Kasten,* 383 Ill. 127, 129, 135; *Vail, Mills & Armstrong v. City of Paris,* 344 Ill. App. 590, 596.) Furthermore, if the jury demand had not been filed in time, the court should nevertheless have allowed the defendant a trial by jury, there being nothing in the record which shows in any way that the granting of a jury trial would have inconvenienced the court or parties litigant or prejudice any rights in any manner whatsoever (*Hartsock v. Bress,* 40 Ill.App.2d 66, 69; *Dawson v. Maxwell,* 13 Ill.App.

564

2d 228, 231-32), and there having been no delay in the filing of the demand beyond the court's own time schedule for pleading.

In view of our disposition of the question of the defendant's right to a jury trial, it is unnecessary for us to discuss the denial of a continuance. For the reasons herein given, the judgment of the Circuit Court of Lake County is reversed and the case is remanded for a trial by jury.

Reversed and remanded.

SCOTT, P. J., concurs.

Mr. JUSTICE BARR dissenting:

I would affirm the decision of the trial court.

The brief and argument of defendant-appellant is predicated upon two grounds; that the trial court abused its discretion in denying defendant's motion for continuance, and that the trial court erred in denying defendant the right to a jury trial when a jury demand was filed contemporaneously with the filing of the answer to the amended complaint.

In this case and others of like nature where the discretion of the trial judge is involved, the appellate tribunal will not ordinarily interfere with the trial judge's discretion in the granting or denial of a motion for continuance unless there is a manifest abuse of the trial court's discretion. *Parker v. Newman,* 10 Ill.App.3d 1019, citing *Reecy v. Reecy,* 132 Ill.App.2d 1024.

Here, on July 6, 1970, judgment was entered in favor of the original plaintiff, George I. Wenban, Jr., and against the defendant, Jerry R. Weiner, on the complaint and confession of judgment on a written lease in the sum of $13,000. Subsequently, on August 11, 1971, the defendant filed a petition to open the judgment by confession, attaching his affidavit in support of the petition and answer, including an affirmative defense, which appear in the official records in this cause but not in the excerpts of the record. No jury demand was filed therein. This judgment was vacated after appearance of counsel before the court and an order entered at that time permitting further pleadings.

Later, on October 18, 1971, an answer to the amended complaint was filed, which, in effect, admitted a breach of lease, the subject of the complaint, and also included the affirmative defense of plaintiffs' failure to exercise reasonable diligence to mitigate damages for the defendant or to permit the defendant so to do. A jury demand was filed with the answer to the amended complaint on October 18, 1971.

On July 21, 1972, on written motion of the plaintiffs, by their attorneys, the Court set this cause for trial on the non jury call on August 23, 1972, at 9:30 A.M. The defendant's oral motion for a jury trial made

on that date was denied. Thereafter, on August 10, 1972, upon notice to defendant and opposite counsel, defendant's counsel filed a motion to withdraw their representation of defendant stating as reasons therefor:

"1. The defendant has not communicated with his attorneys for at least six months, in spite of the fact that said attorneys have written him many letters and placed long distance telephone calls that have not been returned.

2. Defendant has not maintained his agreement concerning attorney fees for representation in these proceedings."

Said attorneys were granted leave to withdraw as counsel for defendant, the order reciting that all other orders in the cause were to remain in full force and effect.

On August 23, 1972, the trial date, the same counsel for defendant, who had previously withdrawn with the consent of the court, requested leave to enter their appearance for the defendant and requested a continuance and a setting for the trial after October 18, 1972, and stated further, with the doctor's letter attached thereto, that the defendant was too ill to travel for the trial scheduled August 23, 1972, because of an inner ear disturbance for which the doctor had been treating defendant since July, 1972. The defendant at that time resided in California. (Exhibit A to said motion.) On that day the judge hearing the motion allowed said attorneys to appear for the defendant but denied the motion for continuance. The trial was held, evidence presented by plaintiffs, and the judgment from which the defendant-appellant appeals was entered.

It is pointed out in appellees' brief that Supreme Court Rule 231(a) (Ill. Rev. Stat., ch. 110A, par. 231(a) ), requires one seeking a continuance of a trial to provide an affidavit showing that, among other things, due diligence has been used. During the pendency of this cause there is no record of any effort made to depose any of the prospective witnesses, or, for that matter, to depose defendant prior to trial, particularly in reference to his affirmative defense of failure of plaintiffs to mitigate the damages, or to permit him so to do.

In *Parker v. Newman*, 10 Ill.App.3d 1019, and in *Evergreen Savings & Loan Association v. Hirschman*, 110 Ill.App.2d 242, the reviewing courts went considerably beyond the naked motion for continuance to determine whether or not adequate preparation for trial had been made or attempted to be made. The record in this case shows no attempt by counsel other than by interrogatories to plaintiff to discover or preserve any testimony in defense of this case. In addition, in the motion of defendant's counsel to withdraw, filed August 10, 1972, it is revealed that defendant had not communicated with his attorneys for at least

6 months, and his failure so to do remains unexplained in the record.

As regards the denial of defendant's right to a jury trial, the 1970 Illinois Constitution, article I, section 13, retains the provision that "[t]he right of trial by jury as heretofore enjoyed shall remain inviolate." However, this right is not unrestricted and the authority of the legislature to establish guidelines to obtain a jury trial was upheld over constitutional objections in *Stephens v. Kasten*, 383 Ill. 127, 133, where the court stated: "Of necessity, the need for a systematic order of procedure requires that there be regulation of the time when the right to a jury trial be requested."

As regards the denial of defendant's right to a jury trial, the applicable section of the Illinois Civil Practice Act, section 64, reads "(1) A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury." Ill. Rev. Stat., ch. 110, § 64.

True, section 59 of the Civil Practice Act does give the court discretion for good cause to grant additional time for the doing of any act or the taking of any step or proceeding prior to judgment, but, in the ruling of the trial or motion judge in this instance, apparently no good cause was shown. None appears in the record. Further, due to delay in obtaining a remedy for the breach of lease by the defendant in 1969, the inconvenience and damaging delay to plaintiffs are obvious.

It is noted that defendant-appellant does not claim error as to the court finding of a breach of contract, but only a late filing of the demand for same, are urged for reversal of this cause and as an abuse of discretion by the court. Obviously, the mere presence of 12 jurors in attendance to this trial, as judges of the facts, would have been of no avail to defendant-appellant for the reason that he failed to present any evidence for the jury's consideration in opposition to the complaint, or in support of the affirmative defense of plaintiffs' failure to use reasonable diligence to mitigate the damages for the defendant or to permit the defendant so to do. Here, upon a motion duly made by the plaintiff at the close of all the evidence, the trial court would have had the duty, had a jury been present, to direct the jury to return a verdict in favor of the plaintiffs since plaintiffs had made a case and defendant offered no evidence to contradict it. *L. O. Whybark Co. v. Haley*, 37 Ill.App.2d 22 (abstract opinion).

In view of the above, I find no manifest abuse of discretion by the trial court in failing to grant a continuance to defendant-appellant, nor do I find error in denying the demand, and later oral motion, for jury trial.