(No. 49162.-

# LEOPOLDO HERNANDEZ, Appellee, v. POWER CONSTRUCTION COMPANY, Appellant.

*Opinion filed October 6, 1978.*

92

John B. Grogan, of Chicago (Patrick T. Driscoll, Jr., of counsel), for appellant.

Alvin E. Rosenbloom, of Chicago (William J. Harte, Ltd., and Lawrence T. Stanner, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Leopoldo Hernandez, filed an action in the circuit court of Cook County for personal injuries against defendant, Power Construction Company, under the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, pars. 60 to 69). The injuries were allegedly sustained when plaintiff fell from a scaffold being used in the construction of a building under the supervision of defendant. Plaintiff alleges that defendant violated the Act by failing to provide a safe and properly constructed scaffold upon which to work.

At the time of filing its answer, defendant demanded a jury trial. Four years later and immediately before trial, defendant withdrew the demand. Prospective jurors had already entered the courtroom and were then ushered out. Plaintiff objected to the withdrawal and requested leave to file his own jury demand under sections 59 and 64 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 59, 64) and Supreme Court Rule 183 (58 Ill. 2d R. 183). Plaintiff was taken by surprise by defendant's withdrawal of his jury demand and did not then articulate the grounds upon which he sought leave to file his own jury demand. The court denied the request and proceeded to hear the case as the finder of fact.

Plaintiff sought, as part of his case, to introduce into evidence the opinion of an expert witness as to whether plaintiff's fall could have been prevented if the scaffold

had included certain safety features, namely a guardrail and a toeboard. Defense counsel objected and the trial judge excluded the evidence, stating that such matters were to be decided by the trier of fact. No offer of proof was made.

At the close of plaintiff's evidence the court granted defendant's motion for judgment. The appellate court reversed and remanded the cause to the circuit court, ordered a new trial before a jury, and held that the trial court erred in excluding the opinion of plaintiff's expert. (43 Ill. App. 3d 860.) We granted defendant's petition for leave to appeal under Rule 315 (65 Ill. 2d R. 315).

On appeal, defendant argues that plaintiff waived his right to a jury trial by not filing a demand therefor at the time that the action was commenced, and that there is no need for the expert opinion sought to be elicited because the subject in question is within the common knowledge of the layman. Plaintiff asserts that the trial court erred in denying plaintiff's motion for leave to file a jury demand and in excluding the opinion of plaintiff's expert witness. Plaintiff also argues that the trial court's grant of defendant's motion for judgment was contrary to the manifest weight of the evidence. We will first address the issue of whether the denial of plaintiff's motion for leave to file a jury demand was error.

The right to jury trial is a constitutional right guaranteed by article I, section 13, of the Illinois Constitution of 1970. Section 64 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 64) specifies the time at which a demand for jury trial must be made, providing:

> "A plaintiff desirous of a trial by jury must file a demand therefor with the clerk at the time the action is commenced. A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his answer. Otherwise, the party waives a jury."

However, section 59 (Ill. Rev. Stat. 1977, ch. 110, par. 59)

provides:

> "On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment."

Similarly, Supreme Court Rule 183 (58 Ill. 2d R. 183) provides:

> "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

As is evident from a reading of the above-quoted provisions, good cause must be established in order to obtain an extension of time in which to file a late jury demand. (*Village of Park Forest v. Walker* (1976), 64 Ill. 2d 286, 300.) In addition to the requirement of good cause, the court will consider inconvenience to the parties and the court, and any possible prejudice to the rights of the opposing party. (*Stephens v. Kasten* (1943), 383 Ill. 127, 135.) The decision is made in the discretion of the trial court, and its decision will not be reversed unless there is an abuse of discretion. The standard of review on appeal is not whether the appellate court would have allowed the motion, but whether the action was a reasonable exercise of sound discretion. *Johnson v. Sabben* (1972), 7 Ill. App. 3d 238, 241.

Because the right to jury trial is of constitutional dimension, courts will liberally construe statutes which regulate exercise of the right. "[T]he inclination of the court should be to protect and enforce the right." *Morrison Hotel & Restaurant Co. v. Kirsner* (1910), 245 Ill. 431, 433. See also *Hudson v. Leverenz* (1956), 10 Ill. 2d 87, 93; *Stephens v. Kasten* (1943), 383 Ill. 127, 133.

It appears from the record that no inconvenience or prejudice would have resulted if the trial court had granted

plaintiff's request for a jury trial. No inconvenience would have resulted because the case was already on the jury docket and prospective jurors were in the courtroom when defendant withdrew its demand. No evidence of prejudice is present since both parties had anticipated a jury trial.

The absence of inconvenience or prejudice, however, does not alone establish good cause. The moving party must assert some independent ground for granting his late demand. *Stephens v. Kasten* (1943), 383 Ill. 127, is instructive as to what constitutes good cause. In that case the plaintiffs sued for damages resulting from personal injuries allegedly sustained due to the negligence of the defendants. The defendants were initially represented by counsel retained by their insurance company. No demand for jury trial was filed by either side. Four months after filing of the complaint, defendants, through new attorneys retained personally by the defendants, filed a demand for a jury. Plaintiffs moved to strike the demand. Defendants were not timely notified of the motion and did not appear to contest it. The motion was granted, and defendants moved to extend the time for filing a new demand for jury trial. The motion was denied. On appeal this court held that the trial court had abused its discretion in denying the jury demand. The court stressed that the defendants had desired a jury trial, did not intend to waive it, had lost the right only because of the carelessness of the insurance company's attorney, and had no opportunity to be heard on the motion to strike their original jury demand because they were not timely notified.

Plaintiff Hernandez, in an effort to establish good cause, asks us to look to the practical realities of the situation and the unfairness that would result if he is denied a jury trial. Plaintiff points out, and we take judicial notice of the fact, that a plaintiff who desires a jury trial in the circuit court of Cook County must wait approximately two years longer than those willing to have

a bench trial. A plaintiff is thus faced with two mutually exclusive alternatives. He may obtain the benefit of a more prompt adjudication through a bench trial if he is willing to waive his right to jury trial, or he may opt for a jury trial and thereby relinquish any possibility of a more prompt adjudication. Each alternative presents considerations that are attractive to the personal injury plaintiff. Through a bench trial the plaintiff may recover damages sooner than he might if he chose a jury trial, but in a jury trial the plaintiff might enlist the sympathies of the jurors and improve his chances of recovery.

The appellate court agreed with plaintiff's analysis, holding that plaintiff's demand for a jury trial should have been granted. The court pointed out that plaintiff, because of the defendant's jury demand, had already lost the benefit of an early adjudication, and that a denial of the demand would deprive plaintiff of the advantage of a jury trial as well. (43 Ill. App. 3d 860, 864; see also *Smith v. Realcoa Construction Co.* (1973), 13 Ill. App. 3d 254, 261 (Hayes, J., dissenting).) We agree that this element of unfairness constitutes good cause for granting plaintiff's late jury demand and that, under the facts of this case, the trial judge abused his discretion in denying plaintiff's demand. Once the plaintiff established good cause for an extension of time in which to demand a jury trial, the trial court, in its discretion, could nonetheless deny the motion. In the exercise of that discretion, however, the trial court should not have ignored the fact that a constitutional right was at stake, and that no inconvenience or prejudice would have resulted if the motion had been granted. As previously mentioned, the case was already on the jury docket, prospective jurors were already in the courtroom and no prejudice was evident. The decision to deny a late jury demand under these circumstances fails to give proper recognition to the need to protect "the jealously guarded right of trial by jury." *Stephens v. Kasten* (1943), 383 Ill.

127, 135.

At oral argument counsel for defendant argued that plaintiff failed to make any showing of good cause at the time that leave to file a late jury demand was requested. We consider this argument to be without merit, however, as the record clearly indicates that plaintiff was taken by surprise by defendant's last minute withdrawal of his jury demand, and that plaintiff's efforts to support his demand were frustrated by the trial court's denial of his motion. Plaintiff's request for leave to file a late jury demand was entirely proper and in accordance with long-established practice in Illinois. *Cf. Petrie v. People* (1866), 40 Ill. 334, 343.

We now turn to the parties' contentions concerning the admissibility of the opinion of plaintiff's expert witness. Defendant's principal contention is that there is no need for an expert because the subject at issue is a matter of common knowledge and should be decided by the trier of fact without the assistance of expert testimony. Plaintiff's counsel had asked the witness whether plaintiff's fall from the scaffold could have been prevented if guardrails had been installed.

The opinion sought to be elicited dealt with matters of common knowledge, *i.e.,* whether guardrails could prevent one from falling off a scaffold. In *Miller v. Pillsbury Co.* (1965), 33 Ill. 2d 514, 516, this court said of such opinion testimony:

> "While there has been a reluctance to permit expert testimony on many matters on the basis that it invades the province of the jury, confuses the issues and usurps the function of the jury, the trend is to permit expert testimony in matters which are complicated and outside the knowledge or understanding of the average person, and even as to matters of common knowledge and understanding where difficult of comprehension and

explanation. The jury still may accept or reject such testimony."

Expert opinions thus may not be admitted on matters of common knowledge unless the subject is difficult of comprehension and explanation. For example, in *Ray v. Cock Robin, Inc.* (1973), 10 Ill. App. 3d 276, *aff'd* (1974), 57 Ill. 2d 19, an expert witness sought to offer an opinion as to whether the placement of tables close to a busy street was dangerous, and whether guardrails, barriers or blockades would have provided some degree of protection. The court held that an expert was not needed since there was nothing complicated or difficult to comprehend. The trier of fact may make its decision on such issues without the assistance of expert opinion. Under the facts of the present case this is equally true, whether the trier of fact is the trial judge or jury. Accordingly, the evidence should be excluded at the new trial before a jury.

In summary, we hold that the trial court abused its discretion in denying plaintiff's motion for leave to file a late jury demand. We emphasize the presence of good cause and the absence of inconvenience or prejudice. Each case must be decided on its own facts. (*Hudson v. Leverenz* (1956), 10 Ill. 2d 87, 93-94.) We do not purport to establish a *per se* rule requiring that a party's late jury demand be granted whenever his opponent withdraws his own demand immediately before trial. We merely hold that it was error here for the trial court to hear the case as the trier of fact.

Because plaintiff was entitled to a trial by jury, the trial court could direct a verdict for defendant only if all the evidence, when viewed in its aspect most favorable to the plaintiff, so overwhelmingly favored defendant that no contrary verdict based on that evidence could ever stand (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510). The evidence in this case was sufficient to present a factual question for the fact-finding body, and in

this case that should have been a jury. The decision of the trial court granting defendant's motion for judgment therefore cannot stand.

Accordingly, the judgment of the appellate court, reversing the circuit court, is affirmed. The cause is remanded to the circuit court of Cook County for a new trial, with directions to proceed in accordance with the views herein expressed.

*Affirmed and remanded,*
*with directions.*