SAMUEL WILLIAMS, Plaintiff-Appellee, v. NATIONAL SUPER MAR-
KETS, INC., Defendant-Appellant.

Fifth District   No. 5—85—0261

Opinion filed April 15, 1986.

HARRISON, J., dissenting.

Ann E. Hamilton, of St. Louis, Missouri, for appellant.

. Rick Rosen, of Kujawski & Rosen, of Belleville, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This appeal arises out of a personal injury action brought by Samuel Williams against the defendant National Super Markets, Inc. (National). In a bench trial, the trial court rendered a judgment for plaintiff in the sum of $42,500. Defendant appeals.

The pertinent facts are as follows:

On January 17, 1978, Williams slipped and fell in a water puddle in an aisle of National's store located at 4715 Caseyville Avenue in East St. Louis.

On September 20, 1978, Williams filed a complaint for personal injury against National and included therein a jury demand. Defend-

ant filed a timely answer but omitted a jury demand. The jury demand remained on file for the next five years.

Originally, the court placed this case on the "L" docket, which was for cases in excess of $15,000. On January 20, 1982, the court reassigned this case to the "LM" docket, which was for cases under $15,000. The court did this because plaintiff's settlement demand of $7,500 failed to qualify this case for the "L" docket.

Four weeks prior to the November 19, 1984, trial date, the plaintiff withdrew his jury demand and both parties stipulated to a bench trial. Although there is no notation as to the docket designation at this time, after examining the record it appears the case was still on the "LM" docket. Three days prior to trial, plaintiff filed his second amended complaint in which he alleged injuries not mentioned in his original complaint. Plaintiff also for the first time alleged damages in excess of $15,000.

On January 4, 1985, Judge Scrivner denied defendant's request for a jury trial but cited no reason for the denial.

The case was tried before Judge Scrivner on March 19, 1985, and Williams was awarded $42,500 as compensation for the soft tissue injuries sustained in his fall.

■ The first and only issue we need address is whether the trial court abused its discretion in denying defendant's demand for a jury trial.

The standard of review on appeal is not whether we would have allowed the motion but whether the action was a reasonable exercise of sound discretion. *Johnson v. Sabben* (1972), 7 Ill. App. 3d 238, 241, 282 N.E.2d 476, 478.

Section 13 of article I of the Illinois Constitution provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate." (Ill. Const. 1970, art. I, sec. 13.) In view of this provision of the Constitution, the courts should be inclined to protect and enforce the right. See *Stephens v. Kasten* (1943), 383 Ill. 127, 133, 48 N.E.2d 508, 511.

Furthermore, the Illinois cases indicate that statutes regulating the right to jury trial should be liberally construed in favor of the right and the inclination of the court should be to protect the right. (*People ex rel. Raines v. Biggs* (1985), 135 Ill. App. 3d 200, 205, 481 N.E.2d 899, 903.) Section 2—1007 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1007) provides in pertinent part that: "On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." Thus a party

can file a late jury demand upon establishing good cause. Although the facts of each case determine good cause (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 107, 382 N.E.2d 1205, 1209), the court may consider inconvenience to the parties, inconvenience to the court, and possible prejudice to the rights of opposing parties. *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 95, 382 N.E.2d 1201, 1203.

In the case at hand, plaintiff filed his original complaint, together with the jury trial demand, on September 20, 1978. Defendant filed an answer but omitted a request for a jury trial. During the next five years, this case appeared on the St. Clair County Circuit Court trial docket as a jury trial eight times. Throughout this time, plaintiff at no time indicated a desire to forego a jury trial.

Four weeks prior to trial, plaintiff withdrew his jury demand and the parties stipulated to a bench trial before Judge Scrivner. However, three days before trial, plaintiff filed his second amended complaint. For the first time during this rather lengthy period, plaintiff alleged injuries not only to his left foot and ankle but also to his low back and neck area, and the alleged damages exceeded $15,000. Defendant filed an answer to plaintiff's second amended complaint, together with a jury demand.

Because of plaintiff's original demand for a jury trial, defendant had already lost the benefit of an early adjudication, and the denial of the jury demand would only deprive defendant of the advantage of a jury trial as well. Furthermore, no inconvenience or prejudice would have resulted from the granting of defendant's jury demand.

■ We find good cause for defendant's late demand because of the aforementioned facts, the allegation of additional injuries in plaintiff's second amended complaint, and the allegation of damages in excess of $15,000. In the second amended complaint, plaintiff added neck and back injuries to the initially alleged foot and ankle injuries. This addition dramatically increased defendant's potential liability.

In any event, we believe defendant is entitled to a trial by jury. In *Wenban v. Weiner* (1974), 23 Ill. App. 3d 561, 319 N.E.2d 580, the court allowed the defendant to make his first jury demand in response to plaintiff's amended complaint, and it was considered timely with respect to the entire litigation.

Judge Scrivner cited no reason for denying defendant's request for a jury trial. Although we admit the jury decision usually falls within the discretion of the trial judge, he must not ignore the constitutional importance of the right. *Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201.

We therefore conclude that the trial court abused its discretion in this matter by refusing to grant a jury trial. For this reason, the judgment of the circuit court is reversed, and the cause is remanded for a jury trial.

Reversed and remanded.

JONES, J., concurs.

JUSTICE HARRISON, dissenting:
Because the parties had stipulated to a bench trial just four weeks before the trial setting, I cannot agree that the circuit court abused its discretion in denying defendant's eleventh-hour jury demand. I therefore dissent.