JOSEPH M. MALATESTA, Plaintiff-Appellee, v. JAMES C. WINZELER, Defendant-Appellant.

First District (2nd Division)   No. 1—93—3838

Opinion filed March 21, 1995.

Parrillo, Weiss & O'Halloran, of Chicago (M. Kathleen McHugh, of counsel), for appellant.

Guest, Walsh & Townsend, Ltd., of Chicago (David E. Artman, of counsel), for appellee.

PRESIDING JUSTICE SCARIANO delivered the opinion of the court:

This suit arose out of an April 22, 1989, automobile accident in which plaintiff, Joseph Malatesta, alleged that defendant, James C. Winzeler, while negligently operating his vehicle, collided with

plaintiff's vehicle, causing damage thereto. Following a bench trial, judgment was entered in favor of plaintiff in the amount of $5,771.94 plus costs, and defendant now appeals, contending that he was denied his right to a trial by jury. We affirm.

Plaintiff filed his complaint on April 3, 1990, and because defendant could not be found, substituted service was had upon the Secretary of State, as authorized by law. (See 625 ILCS 5/10—301 (West 1992).) When defendant failed to answer or otherwise appear, a default judgment was entered against him, and on January 29, 1991, plaintiff was awarded an *ex-parte* judgment. Plaintiff subsequently commenced garnishment proceedings against defendant's insurance carrier, Safeway Insurance Company (Safeway), which timely filed its appearance and requested a jury trial. On March 24, 1992, defendant filed a motion to vacate the January 29, 1991, judgment, maintaining, in an affidavit attached thereto, that he permanently moved out of Illinois in May 1989 and became aware of this action only through his mother, who had received a letter from plaintiff's attorney regarding the *ex-parte* judgment. With plaintiff's consent, the circuit court granted defendant's motion and issued the following order:

"[A]ny and all defaults or default judgments as to defendant *** heretofore entered shall be and are hereby vacated and *** defendant is given leave to file an additional appearance and answer."

On July 13, 1992, defendant filed his answer in the underlying case without demanding a jury. Nine months later, plaintiff, claiming that Safeway's jury demand filed in the garnishment proceeding was no longer valid and that defendant had waived his right to a jury, requested a transfer of the case to the nonjury call. After ordering "motions" from each side on this issue but receiving a response only from plaintiff, the circuit court granted the transfer. At trial, after defendant's oral motion for a jury trial was denied, judgment was entered in favor of plaintiff.

Characterizing Safeway as a codefendant, defendant now claims that there was no need for him to file a jury demand after the vacatur of the *ex-parte* judgment because he should have been able to rely on Safeway's timely filing of such a demand. However, we agree with plaintiff that because the underlying judgment in the garnishment proceeding was vacated, Safeway's jury demand therein became *functus officio*; consequently, it had no further force, thereby requiring defendant to file a jury demand by the time his answer in the underlying action was to be filed, and he failed to do so. Generally, when a judgment is vacated, it is entirely destroyed and the rights of the parties are left as though no such judgment had ever been entered. 49 C.J.S. Judgments § 265 (1947).

Moreover, a garnishment action is merely a post-judgment proceeding in which jurisdiction is retained by the court which entered the underlying judgment; and where the original judgment supporting such proceeding is vacated, the garnishment proceeding fails in its entirety. See *Pinellas County v. Great American Management & Investment, Inc.* (N.D. Ill. 1991), 762 F. Supp. 221, 223; *Tinkoff v. Wharton* (1951), 344 Ill. App. 40, 53, 99 N.E.2d 915, 920-21.

"A defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer." (735 ILCS 5/2—1105 (West 1992).) In *Wenban v. Weiner* (1974), 23 Ill. App. 3d 561, 319 N.E.2d 580, the plaintiffs originally obtained a judgment by confession against the defendant, who thereafter petitioned the court to vacate the judgment and grant him leave to file a verified answer. Defendant's petition was accompanied by affidavits and a proposed answer but not a jury demand. Subsequently, the trial court vacated the judgment and permitted the plaintiffs to file an amended complaint, to which the defendant filed his answer and a jury demand. Nonetheless, the trial court set the case on the nonjury call, whereafter, in a bench trial, judgment was rendered in favor of plaintiffs. *Wenban*, 23 Ill. App. 3d at 563, 319 N.E.2d at 581.

■ On appeal, the parties agreed that section 64 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 64 (now 735 5/2—1105 (West 1992))) governed the time within which a jury demand was due in their case, rather than Supreme Court Rule 276, which provides for the opening of judgments by confession. (134 Ill. 2d R. 276.) In deciding whether the defendant's right to a jury trial had been prejudiced, the court reasoned that the presenting of the answer attached to his petition to vacate was not determinative of the time a jury demand had to be made; instead, the time of the filing of the answer to the amended complaint, all of which came after the initial judgment was vacated, was controlling. (*Wenban*, 23 Ill. App. 3d at 563, 319 N.E.2d at 581.) Similarly, here, as we have already noted, the date on which defendant's answer was filed, which occurred after the *ex-parte* judgment in the garnishment proceeding was vacated, is controlling on the issue of whether he timely demanded a jury trial, and the record is clear that he did not do so.

Therefore, we hold that since defendant failed to file a timely jury demand, he may not rely on that of Safeway, a garnishee defendant, who for all practical purposes was dismissed from the action once the *ex-parte* judgment was vacated.

Alternatively, defendant argues that the trial court abused its discretion in denying his oral request for a jury. If a party requesting leave to file a late jury demand can show good cause, the circuit

370

court has discretion to determine whether to allow such a late demand and that determination will not be disturbed absent an abuse of discretion. *Pechan v. DynaPro, Inc.* (1993), 251 Ill. App. 3d 1072, 1091, 622 N.E.2d 108, 122.

Defendant maintains that when he first appeared on March 24, 1992, his case had been on the jury call for four months because Safeway had already filed a jury demand, albeit in the garnishment proceeding, and under such circumstances, it was "understandable" that he might rely on that demand, especially in light of the fact that Safeway had an interest in the case. He further notes that after his appearance, the case remained on the jury call for over a year.

■ However, what defendant fails to mention is that on March 23, 1993, plaintiff "represented to the trial court that there was no longer a valid jury demand in this matter since the garnishment action no longer existed," and the trial judge, noting that all parties were "advised in the premises," ordered plaintiff to file a "motion" in support of a transfer and defendant to reply thereto. Although plaintiff filed his "motion," the record is devoid of any "motion" by defendant, nor does it reveal that defendant ever demanded a jury until his September 27, 1993, oral motion, which occurred just after plaintiff presented witnesses for trial. Therefore, in light of these facts, we hold that no abuse of discretion resulted.

For all of the aforementioned reasons, we affirm the judgment of the trial court.

Affirmed.

DiVITO and McCORMICK, JJ., concur.