RICHARD E. LABA, Plaintiff-Appellee, v. JEEVAN KUMAR HAHAY, Defendant-Appellant.

First District (2nd Division)    No. 1—01—3101

Opinion filed May 4, 2004.

Parrillo, Weiss & O'Halloran, of Chicago (Jennifer L. Ashley, of counsel), for appellant.

No brief filed for appellee.

JUSTICE BURKE delivered the opinion of the court:

Following a bench trial in this negligence action, the circuit court entered judgment in favor of plaintiff Richard Laba and against defendant Jeevan Kumar Hahay (also known as Mahay), and awarded plaintiff monetary damages. Prior to trial, defendant had filed a motion, seeking, among other things, leave to file a jury demand. The court granted defendant's motion in part, but denied defendant's request for leave to file a jury demand as untimely. Defendant filed a motion to reconsider that ruling, which the court also denied. On appeal, defendant contends that he was entitled to a jury trial and the trial court abused its discretion in denying his motions. Although plaintiff has not filed an appellee's brief, we consider the appeal under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

On March 20, 2001, plaintiff filed a *pro se* complaint, alleging that defendant's negligent driving caused a collision with his car in Oak Forest, Illinois, on February 1, 2001. Plaintiff sought monetary damages for property damage to his car and for "medical, car rental bills" arising from the accident. Plaintiff further alleged that his bills were still rising, "due to non-compliance" by defendant's insurance company, and sought a total amount of "$13,495.40 and rising." A summons was issued, requiring defendant to file an appearance on April 14, 2001. The summons was returned, indicating that defendant was not served.

On May 14, 2001, an alias summons was issued and served on the same day. The summons required defendant to appear on June 5, 2001, and to file an answer within 10 days after the day of appearance.

On June 13, 2001, defendant filed a motion for substitution of judge, and a second motion "to vacate any and all defaults or default judgments heretofore entered and ask[ed] for leave to appear, answer, file a jury demand and/or otherwise plead, subject to costs, 'within 7 days.' " The notices of the motions indicated that the motions would be heard on June 27, 2001.

Apparently on June 27, 2001, the trial court entered an order, granting defendant leave to appear, answer and otherwise plead within seven days. The order also denied defendant leave to file a jury demand, stating that a jury demand "was not timely," and set trial for July 13.

On June 28, 2001, defendant filed an appearance and answer to the complaint, which included an affirmative defense of plaintiff's alleged contributory negligence. Defendant also filed a notice to produce that day.

The next day, defendant filed a motion to reconsider the court's ruling of June 27, 2001, denying his request for leave to file a jury demand and relying on section 2—1105 of the Code of Civil Procedure (Code), which provides that a jury demand by a defendant must be filed "not later than" the filing of his answer. 735 ILCS 5/2—1105(a) (West 2000). The half-sheet in the record includes an entry dated July 9, 2001, concerning a motion to reconsider, which was apparently denied.

Following a bench trial on July 13, 2001, the court granted judgment in favor of plaintiff in the amount of "$9,569.45 and Costs. ($211.40)."

On appeal, defendant contends that he was entitled to a trial by jury because his jury demand was due at the time he filed his answer under section 2—1105 of the Code. 735 ILCS 5/2—1105(a) (West 2000). We agree.[1]

■ The issue here involves the application of a particular statutory section, which is a question of law, and our review is *de novo*. See *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1031 (1998).

■ Section 2—1105(a) provides that "[a] defendant desirous of a trial by jury must file a demand therefor not later than the filing of his or her answer." 735 ILCS 5/2—1105(a) (West 2000). That is, a defendant who desires a jury trial must file a jury demand "when the answer is due." *Charles v. Gore*, 248 Ill. App. 3d 441, 447 (1993); see also *Christenson v. Rincker*, 288 Ill. App. 3d 185, 191 (1997). The date of the filing of an answer by the defendant is the controlling date in determining the time for filing a jury demand. *Malatesta v. Winzeler*, 271 Ill. App. 3d 367, 369 (1995); *Wenban v. Weiner*, 23 Ill. App. 3d 561, 563 (1974). Accordingly, the time frame for filing a jury demand is linked to the filing of the answer.

We find *Wenban* analogous to the present case. In *Wenban*, the plaintiffs originally obtained a judgment by confession against the defendant, which the defendant sought to vacate in order to answer the complaint. In the present case, although no judgment was entered, defendant filed a motion to vacate any defaults and also sought to answer the complaint. In *Wenban*, after vacating the judgment by confession, the trial court gave the plaintiff 21 days to file an amended complaint and gave the defendant 21 days to answer. When the defendant filed an answer to the amended complaint, he included an affirmative defense and a jury demand. The defendant later made an

---

[1] We briefly note that the record is silent regarding the reason why the trial court ruled that defendant's jury demand was not timely.

oral motion for a trial by jury, which the court denied. The court then set the case on the nonjury call and ultimately entered judgment for the plaintiff without a jury. On appeal, the *Wenban* court considered the date the defendant filed the answer to the amended complaint for the purpose of determining the timeliness of the defendant's jury demand and found that the date of the defendant's answer was the date by or before which a jury demand had to be made. Because the defendant filed a jury demand with the answer, the *Wenban* court found the jury demand timely, reversed the trial court and remanded the cause for a jury trial.

■ Here, defendant sought to file a jury demand at the same time he would file an answer. Where the trial court extended the time for filing an answer, the request for filing a jury demand could not be untimely. Because the controlling date for defendant's jury demand was the date of the answer, we find that the trial court improperly denied as untimely defendant's request for leave to file a jury demand. See *Malatesta*, 271 Ill. App. 3d at 369.

For the reasons stated, the judgment of the circuit court is reversed and this cause is remanded for a trial by jury. See *Wenban*, 23 Ill. App. 3d at 564.

Reversed and remanded.

CAHILL and McBRIDE, JJ., concur.