## People of the State of Illinois for Use and Benefit of Juanita Morton, Appellee, v. Thomas Woolen, Appellant.

### Gen. No. 9,419.

. Heard in this court at the October term, 1943. Opinion filed February 29, 1944. Opinion modified by supplemental opinion and rehearing denied May 2, 1944.

J. W. TEMPLEMAN, of Springfield, for appellant.

IVAN J. HUTCHENS, State's Attorney, FRED G. LEACH, First Assistant State's Attorney, and ROY B. FOSTER, Second Assistant State's Attorney, for appellee; JOHN R. FITZGERALD, of Decatur, of counsel.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

On a trial before the court without a jury, a trial by jury having been waived by agreement, the defendant was found and adjudged guilty in a bastardy proceeding, and was ordered to pay for the support of the child the sums provided by statute. From such judgment the defendant brings this appeal.

The defendant contends that the complaint was insufficient in this respect only,—that it did not state that the prosecutrix was "an unmarried woman," and in support of such contention cites *Maynard v. People,* 135 Ill. 416. The *Maynard* case, decided in 1890, held that under the then statute such a complaint to be sufficient must allege that the prosecutrix was an unmarried woman at the time of the making of the complaint. At the time of such decision the then statute read, "When an unmarried woman who shall be pregnant, . . . shall make complaint to a justice of the peace . . . and shall accuse under oath or affirmation a person with being the father of such child . . . ." In 1919 such statute was amended so that the word "unmarried" was elided. (Ill. Rev. Stat. 1943, ch. 17, sec. 1 [Jones Ill. Stats. Ann. 109.151].) Therefore we do not consider the *Maynard* case in point. The complaint in the present case was in the language of the

present statute, and in our opinion is not subject to the criticism complained of. In *People v. Dile,* 347 Ill. 23, 27, the court said, ''In 1919 the word 'unmarried' was elided from the Bastardy act, and married women were given the benefit of the act.''

The defendant next contends that the prosecution did not prove its case by a preponderance of the evidence. We do not believe it will serve any useful purpose to give a detailed statement of the evidence. The prosecutrix testified to acts of sexual intercourse with the defendant at about the time of the conception of the child. The defendant denied any intercourse, but he admitted that he and the prosecutrix first became acquainted a few months before such time, when he was driving to work and picked her up at a stop sign and gave her a ride down town; that several times thereafter he gave her a ride in his automobile and on one occasion, without the knowledge of his wife, he drove the prosecutrix, at her request, one evening to a neighboring city. Some of these rides were about the time of the conception of the child. Defendant also admitted that after the prosecutrix advised him that she was pregnant she went to live at the home of defendant with the approval of defendant's wife, and thereafter lived in such home for two or three months, without charge, but under a promise by her that she would later permit the defendant and his wife to adopt the baby when it came. We believe there was ample evidence to justify the trial court in finding against the defendant.

The next and last contention of the defendant is that the trial court erred in denying his motion for a new trial based on affidavits filed in support of such motion. The prosecutrix testified that the acts of intercourse took place about November 10 or 12, 1941, and the child was born on August 22, 1942. One of such affidavits was by the defendant and his wife and stated that they were together from about 7:30 p. m.

of November 10, 1941, to and including the night of November 12, 1941. The other affidavit was a joint affidavit made by two sisters and a brother-in-law of the defendant in which they stated that on November 10, 1941, from about 7:30 p. m. to 10:00 p. m. and on November 12, 1941, from about 8:00 p. m. to 12:00 p. m. the defendant and his wife were at the home of the affiants. It will be noted that the prosecutrix testified that the particular acts of intercourse occurred "about November 10 or 12, 1941." It is our opinion that the trial judge was justified in believing and holding that such affidavits did not warrant the granting of a new trial.

The judgment of the county court is affirmed.

*Affirmed.*

### SUPPLEMENTAL OPINION.

A petition for rehearing has been filed in which it is contended that the defendant, by motion, questioned the sufficiency of the complaint, and that the trial court therefore erred in requiring the defendant to go to trial without there having been filed a new complaint stating that the child was born and living.

We have again examined such motion, as well as defendant's motion in arrest of judgment. Each motion was general, and neither motion called the attention of the trial court to this alleged defect. So far as the record shows this objection was first raised in this court of review. It is our opinion that the defendant is not now in a position to complain of such alleged error. (See *People v. Suhling,* 231 Ill. App. 256.)

The petition for rehearing is denied.