SANDRA VIRZINT, Plaintiff-Appellee, *v.* ROBERT BERANEK, Defendant-Appellant.

First District (1st Division)    No. 79-1223

Opinion filed June 16, 1980.

Patrick A. Tuite and Stefan I. Mozer, both of Chicago, for appellant.

Roger H. Williams, of Gerald M. Sachs & Associates, Ltd., of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

This is an appeal from the circuit court of Cook County of a finding of paternity, entered after a jury trial, wherein the plaintiff, Sandra Virzint, brought suit charging the defendant, Robert Beranek, with being the father of her child born out of wedlock. The notice of appeal was filed before any finding of support was made and, thereafter, a motion to dismiss the appeal was entered, claiming the notice was untimely filed.

The issues presented for review are: (1) whether a determination of paternity is a final and appealable order; (2) whether the finding of paternity was contrary to the manifest weight of the evidence; and (3) whether the court erred in denying defendant's request to impeach the plaintiff.

On March 30, 1977, plaintiff Sandra Virzint filed a verified complaint alleging that the defendant, Robert Beranek, was the father of her child born to her on January 23, 1977. Trial by jury resulted in a verdict of paternity.

At the trial plaintiff testified that she met the defendant when she went to him so he could represent her in her personal injury accident case. She then went out with the defendant on frequent dates, and had intercourse with him practically all the time. Plaintiff testified that when she told the defendant about the pregnancy he began to give her money, by placing weekly amounts in a mailbox.

Jimmy Efrimidis testified that he went with the plaintiff to a mailbox to pick up money, although he couldn't remember the location of the mailbox, or the date he allegedly went to the mailbox with the plaintiff.

Plaintiff's sister, Renee DeCarlo, and her husband, William, testified that they went to the defendant's house in early October. They, along with the plaintiff's mother, said that the defendant admitted being the father of Sandra's child.

Mr. Joseph Fass testified that the defendant had asked for permission to "take out" his daughter and that the defendant had later admitted that he was in fact dating the plaintiff.

After having been called under section 60 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 60), the defendant stated unequivocally that he never had any contact with the plaintiff except in his representation of her in a personal injury case and, specifically, he had never socialized with her in any manner. He denied ever having sexual contact with her or ever giving her money. He admitted that the DeCarlos came to his home but testified that he never admitted being the father of the child.

Cathleen Damato testified that she saw the plaintiff with the defendant one evening at the Condessa Del Mar Restaurant and was introduced to him by Ms. Virzint at that time.

The defendant called character witnesses on his behalf and also made an attempt to impeach the plaintiff by use of her verified complaint. The complaint alleges the defendant "has agreed to support and maintain the plaintiff during her pregnancy and thereafter but has failed to do so." The defendant argued the jury should hear impeachment since the plaintiff testified the defendant left $50 in her mailbox on a number of occasions for support during her pregnancy. The trial court refused to allow this form of impeachment.

The jury deliberated and found that the defendant was the father of the plaintiff's child. All post-trial motions of the defendant were denied. Defendant has appealed from the finding of paternity, although said finding was not designated a final and appealable order, and although no order was entered with regards to support.

Appellee has filed, in this court, a motion to dismiss the appeal contending the judgment of paternity was not a final and appealable order because pending claims for support had not been resolved. Appellant filed objections to this motion. This court took the motion to dismiss with the case.

Since the filing of these motions and briefs in this court, the Illinois Supreme Court decision in *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036, was rendered. *Lentz* concerned the appealability of a judgment for dissolution entered pursuant to the Illinois Marriage and Dissolution of Marriage Act. (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*) The trial court had determined the dissolution issue separately from the questions of maintenance and property division and an appeal was taken

from the dissolution order. The appellate court dismissed the appeal for lack of jurisdiction (73 Ill. App. 3d 93, 391 N.E.2d 582.) The supreme court held the judgment was not a judgment from which an immediate appeal could be taken, thus affirming the dismissal of the appeal by the appellate court. Speaking through Mr. Justice Ryan, the court stated:

> "The judgment of dissolution of marriage in our case reserved the other issues in controversy and therefore clearly disposed of fewer than all of the claims. If this is not a final judgment * * * it is not appealable." *Lentz*, 79 Ill. 2d 400, 407-08.

In the case at bar, as in *Lentz*, the judgment appealed from clearly disposed of fewer than all the claims and therefore was not a final order.

Defendant-appellant contends the order of paternity is final in character when examined in light of Supreme Court Rule 304(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(b)(1).)

Supreme Court Rule 304 is entitled "Appeals from Final Judgments that do not dispose of an Entire Proceeding," and provides, in pertinent part, as follows:

> "(a) **Judgments as to fewer than all parties or Claims—Necessity for Special Finding.** If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. * * * In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties.
>
> (b) **Judgments and Orders Appealable Without Special Finding.** The following judgments and orders are appealable without the finding required for appeals under paragraph (a) of this rule:
>
> > (1) A judgment or order entered in the administration of an estate, guardianship, conservatorship, or similar proceeding which finally determines a right or status of a party. * * *" Ill. Rev. Stat. 1977, ch. 110A, par. 304.

We disagree with the argument of the appellant that a finding of paternity is similar to an order appointing an administrator of an estate, guardianship or conservatorship, since the specific duties in many of those situations are not even determined for many years after the order in question.

The proceedings followed upon a finding of paternity are governed by the Paternity Act which provides, in pertinent part, as follows:

"If on the trial of the issue the court or jury finds by a preponderance of the evidence that the defendant is the father of a child born out of wedlock, and the court enters a judgment to that effect, the judge shall, at the time such judgment is entered and again at the time of the entry of an order with respect to support as provided for in Section 9 of this Act, advise the defendant of his right to appeal * * *.

* * *

Appeals may be taken as in other civil cases." Ill. Rev. Stat. 1979, ch. 40, par. 1366.

The appellant claims section 14 of the Paternity Act (Ill. Rev. Stat. 1979, ch. 40, par. 1366) provides that a judgment of paternity is appealable immediately. However, an admonition of rights under this section does not convert what would otherwise not be a final and appealable order into a final order. The purpose served by such admonition is to acquaint the defendant with his right to appeal from the finding of paternity and support when such final and appealable order is entered. The complaint filed herein included a prayer for support. In the absence of a ruling or determination by the court on the question of support, the order appealed from was not final and appealable.

In summation, we hold that a finding of paternity, absent any determination of support, is not a final and appealable order nor a final determination as contemplated by Supreme Court Rule 304(a)(1). In view of this ruling, we find it unnecessary to consider the remaining issues raised by the appellant.

For the above and foregoing reasons, plaintiff-appellee's motion to dismiss this appeal is hereby granted, and the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.

Appeal dismissed.

GOLDBERG, P. J., and O'CONNOR, J., concur.