THE PEOPLE *ex rel.* ELLEN RAINES, Plaintiff-Appellee, v.
DANIEL BIGGS, Defendant-Appellant.

Fifth District   No. 5—84—0203

Opinion filed July 17, 1985.

Douglas Dusek, of Hotto & Dusek, of Fairview Heights, for appellant.

Don W. Weber, State's Attorney, of Edwardsville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Following a bench trial, the circuit court of Madison County found

defendant, Daniel Biggs, to be the natural father of the relator's child. In an order entered March 16, 1984, the circuit court held "that no current support nor payment on maternity expenses shall be ordered at this time as defendant is a full-time student at SIU-E." The order further provided that the matter could be reset upon request of the parties. Defendant has appealed from that order.

On appeal defendant contends that: (1) the State failed to prove all the facts necessary to support a cause of action under the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1351 *et seq.*), and (2) the circuit court erred in denying defendant a trial by jury. The State has filed a motion to dismiss the appeal on jurisdictional grounds, alleging the lack of a final order. That motion together with defendant's response were taken with the case. Having now considered that motion, it is denied for the following reasons.

■ The State correctly asserts that, for purposes of appeal in a paternity action, the final order is the order establishing the father's support obligation. (*Virzint v. Beranek* (1980), 85 Ill. App. 3d 919, 407 N.E.2d 701, in which the defendant appealed the finding of paternity entered after a jury trial.) However, as the reviewing court in *Virzint* observed, the complaint therein contained a request for support and defendant's notice of appeal was filed before any determination on the matter of support had been made. The appellate court held that since the judgment appealed from disposed of fewer than all the claims involved in the proceeding, it was not a final order and it could not then be appealed. See 87 Ill. 2d R. 304(a)).

In the instant appeal the State urges that because the order of March 16, 1984, provided for no support payments, that order is no different from the order appealed from in *Virzint v. Beranek*. We do not agree. The flaw in the State's argument is that it equates a determination that defendant need not now pay support with a situation where no determination is made on the matter of support. Although the March 16, 1984, order does not require defendant to make current support payments, it does determine defendant's support obligation. The circuit court ordered that defendant was not then obligated to make support payments, apparently because defendant was financially unable to do so as a result of his being a full-time student. Thus, the case at bar is distinguishable from *Virzint v. Beranek*.

■ We further note that in allowing the matter of support to be reset by the parties at a later date, the order merely reiterates the trial court's statutory authority under section 9 of the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1359) to retain jurisdiction of the cause in order to make "new or supplementary orders for the support

*** of the child as from time to time the court deems necessary." For the foregoing reasons, the State's motion to dismiss the instant appeal is denied, and we now address the issues raised by defendant.

Defendant's first contention is that the State failed to prove all the facts necessary to support a cause of action under the Paternity Act. Specifically, defendant, citing *Harrison v. People* (1898), 81 Ill. App. 93, contends that the State failed to prove that the child was born out of wedlock because the State did not introduce any evidence of the relator's marital status. Suffice it to state that the *Harrison* decision no longer accurately reflects the law of this State. The statute being applied in *Harrison* was the predecessor to the current Paternity Act. It was subsequently amended in 1919 to give married women the benefit of the law. The Illinois courts have held that after the amendment the State need not allege that the relator in a paternity action was an unmarried woman. (*People ex rel. Morton v. Woolen* (1944), 322 Ill. App. 182, 183-84, 54 N.E.2d 419, 419-20.) Consequently, the appropriate inquiry in the case at bar is not whether the relator was married but whether the child was born out of wedlock and whether defendant is the natural father of that child. Ill. Rev. Stat. 1983, ch. 40, par. 1352.

A child born out of wedlock is defined to be a child whose parents were not married to each other at the time of its birth. (Ill. Rev. Stat. 1983, ch. 40, par. 1351.) Thus, all that is required to be shown is that the relator and the defendant were not married to each other at the time of the child's birth. It is in this way that both married and unmarried women are given the benefit of the Paternity Act. (See *People ex rel. Cullison v. Dile* (1931), 347 Ill. 23, 27, 179 N.E.2d 93, 95; *People ex rel. Morton v. Woolen* (1944), 322 Ill. App. 182, 183-84, 54 N.E.2d 419, 419-20.) The testimony of both the relator and defendant indicate that, although they were at one time engaged, they were never married. The marital status of the mother affects only her burden of proof, in that, should the mother be married, she must overcome the presumption of legitimacy that thereby attaches. (See *People ex rel. Adams v. Mitchell* (1980), 89 Ill. App. 3d 1023, 1028, 412 N.E.2d 678, 682.) Moreover, before this presumption attaches, it must first be established that the child was born to the mother while she was lawfully married. Defendant in the instant case has never alleged that relator was married nor denied that she was unmarried. Since the burden of going forward and producing such evidence is upon defendant (see *Clark v. Brown* (1970), 121 Ill. App. 2d 280, 286, 257 N.E.2d 565, 567-68), defendant has failed to raise the issue of whether the presumption of legitimacy existed. Relator testi-

fied that she had not lived with any other man and had not had sexual intercourse with any other man. Defendant made no effort to rebut this testimony. We therefore conclude that the evidence adduced at trial was sufficient to support the trial court's finding that defendant was proved by a preponderance of the evidence to be the father of a child born out of wedlock.

■ Defendant's final contention is that he was denied his right to a trial by jury under the provision of section 6 of the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1356). Section 6 provides in pertinent part:

> "At the time appointed for appearance and answer, the court shall cause an issue to be made up whether the person charged is the father of the child, which issue, upon demand of either the mother or the accused person, shall be tried by a jury."

The complaint in the case at bar was filed on October 28, 1982. The return date was set for December 10, 1982. On November 15, 1982, defendant's counsel filed a formal entry of appearance; and, although there is no report of proceeding of the December 10, 1982, hearing, the common law record indicates that a proceeding of some sort was held on December 10, 1982, that probable cause was found, and that the matter was to be set for trial at a later date. The record does not disclose that defendant filed any answer or other pleadings at that time. On December 16, 1982, defendant filed his demand for a trial by jury. On September 1, 1983, the cause was set on the docket call for September 15, 1983. On September 15, 1983, the cause was continued to the month of October for trial setting before a jury. Further, on September 15, 1983, defendant filed a petition for discharge on the grounds that the court had failed to afford him a speedy trial. This motion was denied by the court on October 28, 1983. On November 29, 1983, the cause was scheduled to be tried the next day. When the case was called for trial on November 30, 1983, the State moved orally to strike the jury demand, alleging that it was not timely filed. The trial court granted that motion. Defendant then filed a written answer with leave of the court; and the cause was tried without a jury.

The trial court noted that, at the time, the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—101 *et seq.*) applied to proceedings under the Paternity Act. (See Ill. Rev. Stat. 1983, ch. 40, par. 1366.) Neither party disputes the propriety of this ruling, and we agree that it is proper. There is nothing in section 6 of the Paternity Act which places any limits on the time for filing a jury demand; therefore, the provisions of the Civil Practice Law control.

Section 2—1105 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—1105) provides that a plaintiff desirous of a trial by jury must file a demand therefor at the time the action is commenced and that a defendant desirous of a trial by jury must file a demand therefor "not later than the filing of his answer." In granting the State's motion, the court held that the jury demand should thus have been made no later than the date defendant was required to appear and answer the complaint (December 10, 1982), in spite of the fact that defendant filed no answer on that date. The court further indicated its awareness of the provisions of section 2—1007 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2—1007), which would allow for the late filing of a jury demand. However, the trial court concluded that defendant had failed to comply with the requirements of Supreme Court Rule 183 (87 Ill. 2d R. 183), which governs the procedure for obtaining extensions of time. The court observed that defendant had failed to file and give notice of the motion and show good cause therein. Rule 183 provides:

"The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the rules to be done within a limited period, either before or after the expiration of the time."

The Illinois cases indicate that statutes regulating the right to jury trial should be liberally construed in favor of the right and the inclination of the court should be to protect and enforce the right. (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 105, 382 N.E.2d 1205, 1207.) In our opinion, under the unusual circumstances present in the case at bar, it was erroneous to hold that defendant had failed to make a timely demand for jury trial because of the requirements of section 2—1007 of the Civil Practice Law. Section 2—1105 of the Civil Practice Law, governing jury demands, further provides that if a plaintiff has filed a jury demand and thereafter waives the jury, the defendant shall be granted a jury trial upon prompt demand therefor. This provision has been held to also apply where the court on its own motion indicates that a jury trial will be held and then later withdraws the jury. *Hartsock v. Bress* (1963), 40 Ill. App. 2d 66, 69, 189 N.E.2d 673, 674.

■ *Hartsock v. Bress* is a case that is factually very similar to the case at bar. There, a complaint was filed under the Paternity Act, and thereafter the parties appeared before the court and the cause was continued. Furthermore, the record did not disclose whether defendant had filed an answer or other pleading. The cause was sub-

sequently set for jury trial at a later date, and the parties were notified of this setting. The cause was then stricken from the record and continued generally. Thereafter defendant filed a written petition for jury trial, which the trial court subsequently denied. In reversing the decision of the trial court at a bench trial that defendant was the father of a child born out of wedlock, the *Hartsock* court found that defendant did properly request a jury trial within the spirit and meaning of the Paternity Act. We are of the opinion that such a situation was presented by the facts of the instant appeal. On September 15, 1983, the circuit court set the cause for jury trial. Whether the cause was set for jury trial as a result of defendant's alleged untimely request therefor or on the court's own motion is unimportant. We conclude that the subsequent withdrawal of the jury entitled defendant to a jury trial upon prompt demand therefor. Defendant had made such a demand and had renewed the same by the tender of the proper fee at the time of the court's order striking his jury demand.

We therefore conclude that the trial court abused its discretion in this matter by refusing to grant a jury trial. For this reason, the judgment of the circuit court is reversed and the cause is remanded for a jury trial.

Reversed and remanded.

JONES, P.J., and WELCH, J., concur.