MARY BALDASSONE, on behalf of Nicholas Baldassone, Plaintiff-Appellee, v. MICHAEL GORZELANCZYK, Defendant-Appellant.

First District (3rd Division)  No. 1—95—0809

Opinion filed June 19, 1996.

John N. Dore, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Sharon Johnson Coleman, Robert F. Lyons, and Leonard N. Foster, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:

Defendant, Michael Gorzelanczyk, appeals from several Cook County circuit court orders, including a finding of paternity and an order of parentage and temporary child support. Although defendant raises a number of issues on appeal, we conclude that the orders from which he appealed were not final and appealable. For that reason, we dismiss the appeal for lack of jurisdiction.

On March 11, 1992, plaintiff, Mary Baldassone, filed a verified complaint seeking a judicial determination that defendant is the natural father of her son, Nicholas Baldassone, born on August 22, 1990. In addition, she requested that defendant be ordered to pay child support, retroactive child support, and medical insurance.

Following a bench trial, the trial court ruled that defendant was not the biological father of plaintiff's child, then granted plaintiff's motion for reconsideration, which alleged that the trial court did not follow the applicable law. On August 11, 1994, the trial court reversed its earlier ruling on the basis that the blood test indicated that defendant was the presumed father and that defendant did not rebut that presumption by clear and convincing evidence. The matter was continued for a status hearing and was subsequently transferred to another courtroom for hearings on the issues of child support and medical insurance.

When plaintiff filed her request for defendant's financial information, he moved to quash the subpoena *duces tecum* on the ground that there was no prior finding of paternity. Defendant argued that the trial court's August 11, 1994, order was not a final order because the circuit court had concluded that the case was over without a finding that defendant was the father. Therefore, post-judgment relief could not be obtained.

We first consider whether the August 11, 1994, order, the October 27, 1994, order, and the February 2, 1995, order of parentage and temporary child support were final judgments appealable under Supreme Court Rule 301. 155 Ill. 2d R. 301.

The August 11, 1994, order stated:

"It is hereby ordered:

(1) Plaintiff's Motion to Reconsider is granted; (2) the court finds that defendant is presumed to be the father of plaintiff's child and defendant failed to produce clear and convincing evidence to rebut the presumption; and (3) the court reverses its prior finding for the defendant. This matter is continued to 10-27-94 at 9:00 a.m. for status."

The October 27, 1994, order merely transferred the case to another courtroom for a hearing on the issues of support and medical coverage, and the February 2, 1995, order of parentage and temporary child support expressly reserved ruling on retroactive child support and medical insurance. Because the temporary child support order expressly continued the matter for a determination of permanent child support, it was not a final order and could not be appealed on an interlocutory basis before the entry of a final child support order. *In re Marriage of Dunseth*, 260 Ill. App. 3d 816, 827, 633 N.E.2d 82 (1994).

■ Appellate court jurisdiction is limited to reviewing a final judgment, which terminates the litigation and disposes of the parties' rights on either the entire controversy or some definite and separate part of it. *In re Marriage of Verdung*, 126 Ill. 2d 542, 553, 535 N.E.2d 818 (1989); *People ex rel. Block v. Darm*, 267 Ill. App. 3d 354, 355, 642 N.E.2d 863 (1994). The entry of a paternity order and a determination of child support are the two basic orders needed to complete a paternity action, because they ensure that the child will not lack for support. *Watkins v. Martin*, 115 Ill. App. 3d 417, 419, 450 N.E.2d 866 (1983). For that reason, an order establishing paternity is not a final judgment if it does not at least rule on the amount of child support for which the defendant is liable. *Franson v. Micelli*, 172 Ill. 2d 352, 355 (1996); *Deckard v. Joiner*, 44 Ill. 2d 412, 417, 255 N.E.2d 900 (1970); *Virzint v. Beranek*, 85 Ill. App. 3d 919, 922, 407 N.E.2d 701 (1980).

In addition to current child support, retroactive child support and health insurance are matters of substantial controversy between the parties, not merely ancillary or incidental. *Franson v. Micelli*, 172 Ill. 2d at 356. Therefore, even a child support order is not a final judgment pursuant to Rule 301 (155 Ill. 2d R. 301) if the trial court has reserved the issues of retroactive child support and medical insurance for future determination. *Franson v. Micelli*, 172 Ill. 2d at 356.

■ In this case, the order finding paternity and the order of parentage and temporary child support did not resolve the substantial issues of child support, retroactive child support, and health insurance, which had been raised in plaintiff's complaint. Because of that, the August 11, 1994, order, the October 27, 1994, order, and the February 2, 1995, order of parentage and temporary child support were not final and appealable.

Defendant also appeals the second February 2, 1995, order pursuant to Supreme Court Rule 304(a). 155 Ill. 2d R. 304(a). That order stated:

> "It is the opinion of the court that there was a prior [(August 11, 1994)] order which determined the issue of paternity which would allow the issuance of the post-judgment proceedings. There is no just reason to stay enforcement of the order or appeal therefrom."

■ Rule 304(a) allows appeals from orders that do not dispose of an entire proceeding if there is an express written finding that there is no just reason for delaying enforcement or appeal (*First National Bank v. Lewis*, 163 Ill. App. 3d 160, 161, 516 N.E.2d 552 (1987)), but the mere presence of that language does not make a nonfinal order final and appealable (*Elkins v. Huckelberry*, 276 Ill. App. 3d 1073,

1075, 659 N.E.2d 462 (1995)). Instead of making a judgment final, the Rule 304(a) language simply makes appealable a final order in a case that involves multiple parties or multiple claims. *Hildebrand v. Topping*, 240 Ill. App. 3d 104, 108, 608 N.E.2d 119 (1992).

Recently in *Franson v. Micelli*, 172 Ill. 2d at 357-58, our supreme court recognized a disagreement among the appellate court districts regarding the appealability of a finding of paternity pursuant to Rule 304(a) when the issues of retroactive child support and reimbursement of the mother's pregnancy expenses remain unsolved. The Third District of the Appellate Court held, in *Darm*, 267 Ill. App. 3d at 356, that an order deciding paternity, child support, and health insurance, and including the express written finding required by Rule 304(a), could be appealed even if retroactive child support was reserved. In reviewing a similar order in *Department of Public Aid ex rel. Corrigan v. Hawkins*, 187 Ill. App. 3d 139, 543 N.E.2d 317 (1989), the Second District of the Appellate Court indicated that the order may have been appealable if it had included the required Rule 304(a) language. In contrast, the Fifth District of the Appellate Court questioned such an approach in *Elkins*, 276 Ill. App. 3d 1073, 659 N.E.2d 462, but did not reach a decision on that issue.

■ In contrast to *Darm* and *Corrigan*, which involved orders that decided paternity, child support, and health insurance, but reserved ruling on retroactive child support, there was no final child support order in this case. There does not seem to be a disagreement among the appellate court districts regarding the appealability of a parentage order when there is no determination of child support. The fifth district in *Elkins*, 276 Ill. App. 3d at 1077, and the first district in *Virzint*, 85 Ill. App. 3d at 922, held that an order is not final and appealable without a ruling on at least the amount of child support for which defendant is liable, even if it includes the required Rule 304(a) language. We found no cases to the contrary.

An analogous situation occurs in dissolution of marriage cases. The numerous issues raised in a dissolution of marriage case are not appealable under Rule 304(a) until all matters are finally resolved. *In re Marriage of Leopando*, 96 Ill. 2d 114, 119, 449 N.E.2d 137 (1983). Instead of representing separate, unrelated claims, they are separate issues relating to the same claim. *In re Marriage of Leopando*, 96 Ill. 2d at 119. Similarly, a complaint seeking a determination of paternity and child support advances a single claim, not separate, unrelated claims. See *Deckard*, 44 Ill. 2d at 417.

In accordance with these principles, we hold that the February 2, 1995, court order was not final and appealable despite its Rule 304(a) language.

Because none of the orders appealed by defendant were final judgments, this court does not have jurisdiction. For that reason, the appeal is dismissed.

Appeal dismissed.

RIZZI and GREIMAN, JJ., concur.