*In re* ADOPTION OF JUSTIN CHRISTOPHER GINNELL (Brian Robert Pacetti II *et al.*, Petitioners-Appellants, v. Aaron Velazquez, Respondent-Appellee).

Second District    Nos. 2—00—0139, 2—00—0262 cons.

Opinion filed October 13, 2000.—Rehearing denied November 14, 2000.

Josette Skelnik, of Law Offices of Josette Skelnik, of Elgin, for appellants.

Nils Von Keudell, of McNamee & Mahoney, Ltd., of Dundee, for appellee.

Mary Ellen Balaguer, of David & Associates, of Carpentersville, guardian *ad litem*.

JUSTICE GALASSO delivered the opinion of the court:

The petitioners, Brian Robert Pacetti II (Brian) and Joan Ginnell-Pacetti (Joan), appeal from an order of the circuit court of Kane County denying their petition to adopt Justin Christopher Ginnell (Justin), the minor child of Joan and the respondent, Aaron Velazquez (Aaron). On appeal, Brian and Joan contend that the trial court erred in finding that they did not prove Aaron's parental unfitness beyond a reasonable doubt.

Before we can address the merits of this case, we must first determine whether we have jurisdiction. Even where no party raises the question, a reviewing court has a duty to consider *sua sponte* its jurisdiction. *Cashmore v. Builders Square, Inc.*, 207 Ill. App. 3d 267, 269 (1990).

In their jurisdictional statement, the petitioners set forth that jurisdiction for this appeal may be found under either Supreme Court Rules 301 and 303 (155 Ill. 2d Rs. 301, 303) (appeal from a final order), Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) (appeal from a final order as to fewer than all claims or parties), or Supreme Court Rule 304(b)(1) (155 Ill. 2d R. 304 (b)(1)) (appeal from a judgment or order entered in the administration of an estate, guardianship, or similar proceeding that finally determines a right or status of a party).

■ The purpose of the jurisdictional statement required by Supreme Court Rule 341(e)(4)(ii) (177 Ill. 2d R. 341(e)(4)(ii)) is not merely to tell this court that it has jurisdiction. *In re Marriage of Ruchala*, 208 Ill. App. 3d 971, 976 (1991). Instead, the jurisdictional statement requirement was intended to provoke counsel to make an independent determination of the right to appeal before writing the brief. *Ruchala*, 208 Ill. App. 3d at 976.

■ Rules 301 and 303 govern appeals from cases in which the final order has disposed of the entire controversy. Rule 304 governs cases in which a final order has been entered as to a separate part of the controversy. In order to determine which, if any, of the rules cited by the petitioners provides this court with jurisdiction, we must first review the procedural history of this case.

On September 25, 1998, Aaron filed a petition to establish a parent and child relationship. In his petition, Aaron sought an order establishing the existence of the relationship between Justin and himself, requiring him to pay child support, and awarding him joint custody and/or reasonable visitation with Justin. On October 14, 1998, Joan filed an answer to Aaron's petition, and on that same date Joan and Brian filed a petition to adopt Justin. On December 11, 1998, the trial court granted Joan's motion to consolidate the two petitions.

Pursuant to the allegations contained in the petition for adoption, a hearing was held on the issue of Aaron's fitness as a parent. The hearing commenced on June 8, 1999, and was finally concluded on January 25, 2000. On that date, Judge Roger Eichmeier entered an order denying the petition for adoption, finding that the petitioners had failed to show by clear and convincing evidence that Aaron was unfit as a parent. At that point in the proceedings, the trial court should have conducted a custody hearing pursuant to section 20 of the Adoption Act (the Act) (750 ILCS 50/20 (West 1998)). Instead, the trial court referred the case to Judge Wiley Edmondson for determination of the issues of child support and visitation. On January 31, 2000, Judge Edmondson issued an order setting a visitation schedule and providing for temporary support. The case was continued until March 17, 2000, for a hearing on permanent visitation and current and retroactive support.

On February 1, 2000, Joan and Brian filed their notice of appeal from the January 25, 2000, order. On February 4, 2000, Joan filed a motion to reconsider the unsupervised weekly visitation provisions contained in the January 31, 2000, order. On February 23, 2000, Aaron filed a motion for immediate visitation. On February 28, 2000, Judge Eichmeier entered an order finding that the January 25, 2000, order was a final order and that there was no just reason for delaying the

enforcement or the appeal of that order. On March 2, 2000, Joan and Brian filed a new notice of appeal. On March 17, 2000, by agreement of the parties, Judge Edmondson entered an order that gave supervised visitation to Aaron for periods up to Memorial Day 2000, continued the motion for reconsideration and the determination of support generally, to be heard on notice, and set the case for review on May 31, 2000.

Thus, at the time Joan and Brian filed their second notice of appeal, the entire controversy had not yet been resolved, since the matters of child support, visitation, and a ruling on Joan's motion to reconsider remained pending and undetermined. Therefore, Rules 301 and 303 do not provide this court with jurisdiction over this appeal. However, Rule 304 permits an appeal from a final judgment as to one or more but fewer than all of the parties or claims. While Rule 304(a) requires a specific finding that no just cause exists to delay enforcement or appeal of the order, Rule 304(b) does not require such a finding. However, under either section of Rule 304, the order appealed from must be a final one. Therefore, we must determine whether the order of January 25, 2000, which denied the adoption petition, was a final judgment as to one or more of the parties or claims pending in this case.

■ Our supreme court has defined a claim, for purposes of Rule 304(a), as " 'any right, liability or matter raised in an action.' [Citation.]" *People ex rel. Block v. Darm*, 267 Ill. App. 3d 354, 356 (1994). Consequently, courts have concluded that an order or judgment is final for purposes of Rule 304(a) if it disposes of some definite or separate part of the controversy. *Block*, 267 Ill. App. 3d at 356.

The present case actually presents two separate claims that were consolidated into one case in the trial court: the adoption petition brought by Joan and Brian, and Aaron's petition seeking the establishment of a parental relationship with Justin, a support order, and joint custody and/or reasonable visitation. The issues as to support and visitation are related to Aaron's petition, which is a claim separate from that of the adoption. Moreover, Judge Eichmeier made a Rule 304(a) finding as to the January 25, 2000, order. Therefore, the fact that the child support and visitation issues were still pending at the time of the appeal in this case does not impair the appealability of that portion of the order denying the adoption petition. Now, however, we must determine whether the adoption petition presents one or more separate claims.

In *Baldassone v. Gorzelanczyk*, 282 Ill. App. 3d 330 (1996), the reviewing court determined that an order of parentage and temporary child support was not final and appealable, even with a Rule 304(a)

finding, where the order continued the matter for a determination of permanent child support and reserved ruling on retroactive child support and medical insurance. *Baldassone*, 282 Ill. App. 3d at 334. The court observed that an analogous situation occurs in dissolution of marriage cases. Citing *In re Marriage of Leopando*, 96 Ill. 2d 114 (1983), the court noted that the numerous issues raised in a dissolution of marriage case are not appealable under Rule 304(a) until all matters are finally resolved because, instead of representing separate, unrelated claims, they are separate issues relating to the same claim. *Baldassone*, 282 Ill. App. 3d at 334; see *Leopando*, 96 Ill. 2d at 119.

We are of the opinion that a petition for adoption advances a single claim but with separate issues relating to it, one of which is the custody of the child sought to be adopted. We now must determine if the order was a final judgment as to the adoption claim.

■ A final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. *In re Guzik*, 249 Ill. App. 3d 95, 98 (1993). To be final, a judgment must dispose of or terminate the litigation or some definite part of it. *Guzik*, 249 Ill. App. 3d at 99. If jurisdiction is retained for the future determination of matters of substantial controversy, the order is not final. *Guzik*, 249 Ill. App. 3d at 99. The mere presence of a finding pursuant to Rule 304(a) will not make a nonfinal order final and appealable. *Baldassone*, 282 Ill. App. 3d at 333-34. Instead of making a judgment final, the Rule 304(a) language simply makes appealable a final order in a case that involves multiple parties or multiple claims. *Baldassone*, 282 Ill. App. 3d at 334.

■ Neither party has made reference to section 20 of the Adoption Act (the Act) (750 ILCS 50/20 (West 1998)). That section provides in pertinent part as follows:

> "In the event a judgment order for adoption is vacated or a petition for adoption is denied, the court shall promptly conduct a hearing as to the temporary and permanent custody of the minor child who is the subject of the proceedings pursuant to Part VI of the Illinois Marriage and Dissolution of Marriage Act [(750 ILCS 5/601 *et seq.* (West 1998))]. The parties to said proceedings shall be the petitioners to the adoption proceedings, the minor child, any biological parents whose parental rights have not been terminated, and other parties who have been granted leave to intervene in the proceedings." 750 ILCS 50/20 (West 1998).

In the present case, the trial court denied Joan and Brian's petition to adopt Justin but did not hold a hearing as to temporary and perma-

nent custody as required by section 20 of the Act. There is no evidence in the record that the parties waived the requirement of the custody hearing. In light of the fact that Aaron's petition also sought joint custody, we cannot conclude from the record before us that the custody issue had been resolved.

■ Prior to the 1994 amendment, which added the requirement of a custody hearing to section 20 of the Act, the vacation of an invalid adoption resulted in the automatic reversion of custody to any fit parent who had not otherwise consented to the relinquishment of his or her rights to the care, custody, and control of the child. *In re Petition of Kirchner*, 164 Ill. 2d 468, 498 (1995). Section 20 now requires a hearing to resolve the issue of custody left pending by the denial of the petition for adoption. Therefore, an order denying a petition for adoption without a section 20 hearing does not completely dispose of a separate claim for purposes of an appeal pursuant to Rule 304(a). More remains than to execute on the judgment, for even if we were to affirm the denial of the petition to adopt, we would still be required to remand this case for a section 20 hearing as to custody. Moreover, the denial of an adoption petition without a section 20 hearing does not "finally determine the rights or status of a party" for purposes of an appeal pursuant to Rule 304(b)(1). See *Guzik*, 249 Ill. App. 3d at 99 (trial court finding that the respondent was a person subject to involuntary commitment but continuing the case for a social assessment was not a final and appealable order under either Rule 301 or Rule 304(b)(1) because the order did not finally determine the respondent's rights and status, and the matter was subject to further determination by the court).

Finally, it can be argued that the amendment to section 20 was not intended to apply to related adoptions but, rather, was designed to give adoptive parents standing to seek permanent custody of the child in a failed, nonrelated adoption. See *Kirchner*, 164 Ill. 2d at 494. Indeed, in *Kirchner*, our supreme court, looking at the legislative history of the amendment, noted that the legislature had passed this amendment to alter the effect of its decision invalidating the adoption of "Baby Richard." *Kirchner*, 164 Ill. 2d at 498; see *In re Petition of Doe*, 159 Ill. 2d 347 (1994). In *Kirchner*, the supreme court was considering the requirement for a custody hearing following the denial or vacation of an adoption on appeal found in section 20b (750 ILCS 50/20b (West 1994)). We note that the legislature added the provisions for the custody hearing to both section 20 and to section 20b. See Pub. Act 88—550, art. 9, § 975, eff. July 3, 1994. However, that language requiring the custody hearing was subsequently deleted from section 20b (see Pub. Act 89—315, § 5, eff. January 1, 1996) but not from sec-

tion 20. In any event, we find nothing in the Act that limits the applicability of the custody hearing provision of section 20 to nonrelated adoptions.

We conclude that the order denying the petition to adopt in this case was not a final order in the absence of the section 20 hearing. Accordingly, we dismiss the appeal and remand this cause in order for the trial court to conduct a hearing pursuant to section 20 of the Act.

Appeal dismissed; cause remanded with directions.

BOWMAN, P.J., and GEIGER, J., concur.